## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
EDWARD N. ORTIZ,              :
                              :
        Petitioner,           :
                              :
v.                            : Civil No. 3:06CV01486(AWT)
                              :
UNITED STATES OF AMERICA,     :
                              :
        Respondent.           :
                              :
------------------------------x
```

### RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

For the reasons set forth below, the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is being denied.

### I.  Factual and Procedural Background

On December 6, 2001, a federal grand jury returned a one-count indictment against Edward N. Ortiz (the "Petitioner"), charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The Petitioner moved to postpone jury selection several times and then, on April 10, 2003, pled guilty to the indictment.  In connection with his guilty plea, the Petitioner signed a plea agreement letter in which he acknowledged that he was subject to a mandatory minimum term of imprisonment of 15 years and a maximum term of as much as life imprisonment, because he qualified as a Armed Career

Criminal based on his three prior convictions for either crimes of violence or serious drug offenses. See 18 U.S.C. § 924(e). The court accepted the Petitioner's plea of guilty and entered a finding of guilty. On July 15, 2003, the Petitioner was sentenced to a term of imprisonment for 10 years followed by a 5 year term of supervised release. Judgment entered on July 16, 2003.

On September 16, 2006, the petitioner filed the instant motion under 28 U.S.C. § 2255. The Petitioner sets forth four grounds for relief: (1) "The Federal Government lacked legislative, territorial, or admiralty jurisdiction in over the locus quo"; (2) "The Federal Government Charging instrument are Fatally Defective"; (3) "The Federal Government Failed to establish federal interstate commerce nexus"; and (4) "Title 18 of the United States Code is Unconstitutional causing imprisonment to be false." The Petitioner's claims appear to be a general attack on federal criminal jurisdiction, an attack on the constitutionality of the felon in possession of firearm statute, 18 U.S.C. § 922(g)(1), and an argument that the government failed proffer at the time of his guilty plea evidence sufficient to establish an interstate nexus.

**II. <u>Discussion</u>**

The Petitioner's claims are time-barred because his motion was filed outside the one-year limitations period established by

§ 2255. Section 2255 provides, in pertinent part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2006).

The Petitioner's claims were not raised on direct appeal and the instant motion was filed over three years after the Petitioner's conviction. Therefore, his claims are time-barred. See Moshier v. United States, 402 F.3d 116 (2d Cir. 2005) (holding that unappealed conviction becomes final for purposes of Section 2255 limitation periods when time for filing direct appeal has expired). The Petitioner does not contend that any of his claims is based upon any right newly recognized by the Supreme Court, or that there were facts supporting the claim of which the Petitioner was not aware at the time the judgment of conviction became final.

In addition, the Petitioner is procedurally barred from raising his arguments for the first time on collateral review. The Petitioner could have raised these argument on direct review, but he did not file an appeal. Absent a showing of cause for his default and prejudice therefrom, he is now barred from raising these claims for the first time on collateral review. See Bousley v. United States, 523 U.S. 614, 622 (1998) ("where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent'"); see also United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998) ("a motion under Section 2255 is not a substitute for an appeal.").

Moreover, each of the grounds on which the Petitioner's motion is based is frivolous. One, the jurisdiction of federal courts over violations of laws of the United States of America is well-established. The Petitioner was charged by an indictment returned by a federal grand jury with a violation of 18 U.S.C. § 922(g)(1). Because the defendant is charged with violating a federal statute, this case lies squarely within the original federal court jurisdiction conferred under 18 U.S.C. § 3231. Section 3231 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Two, as to the Petitioner's claim that the indictment is defective, it is well-settled that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against him which he must defend, and, second, enables him to plead an acquittal or conviction and bar future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). The Second Circuit has stated that an indictment must "charge[] a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double-jeopardy in a future prosecution based on the same set of events." United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992). Nevertheless, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." Id.

In this case, the indictment set forth all elements of a violation of 18 U.S.C. § 922(g)(1), i.e., (i) that the defendant on a particular date possessed the firearm, identified by make, model and serial number; (ii) that at the time he possessed the firearm, he was a convicted felon, setting forth three prior felony convictions by date of conviction and statute violated, and (3) that the firearm was possessed in and affecting commerce, stating that the firearm had moved in interstate commerce from Ohio to Connecticut prior to his possession. Thus, the

indictment was not defective.

Three, as to the Petitioner's claim that the government failed to establish a federal interstate commerce nexus, it is well-established "that the interstate commerce element of § 922(g)(1) was met if the firearm in question previously had traveled in interstate commerce, . . . and that it is sufficient that the firearm allegedly possessed or received by defendant had at some point previously traveled across the state line." United States v. Sanders, 35 F.3d 61, 62 (2d Cir. 1994) (citations omitted) (quotations omitted). The Second Circuit held in Sanders that the nexus with interstate commerce needed to support a conviction for possession of ammunition by a convicted felon was established by the fact that the ammunition possessed by the defendant had been manufactured elsewhere and passed through interstate commerce before the defendant possessed it. Id. Here, the government proffered at the time of the guilty plea that its proof at trial would be that the make and model of firearm charged in the indictment was manufactured in the State of Ohio and never had been manufactured in the State of Connecticut. This evidence, which was not contested by the Petitioner, was sufficient to satisfy the interstate nexus requirement of the statute.

Four, as to the Petitioner's claim that 18 U.S.C. § 922(g)(1) is unconstitutional, § 922(g)(1) has been held

repeatedly to be constitutional. See United States v. Carter, 981 F.2d 645, 647 (2d Cir. 1992) ("We are in accord with other circuits that have considered the constitutionality of § 922(g)(1). These courts have held that on its face, § 922(g)(1) 'applies to a possession of a gun that previously moved in interstate commerce.'") (citation omitted).

### III. CONCLUSION

For the reasons set forth above, the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1) is hereby DENIED.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2) (2006).

The Clerk shall close this case.

It is so ordered.

Dated this 7th day of May 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge